UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTAY JOHNSON,
RONALD W. WHITNEY, and
DORIAN WILLIS,

       Plaintiffs,                            No. 13-13672

v.                                      District Judge Matthew F. Leitman
                                         Magistrate Judge R. Steven Whalen

ANTHONY WICKERSHAM, ET AL.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. At the time of the events giving rise to this action, Plaintiffs Deontay Johnson, Ronald W. Whitney, and Dorian Willis were inmates at the Macomb County Jail. Citing the First and Fourteenth Amendments, they challenge the Jail's policy on inmate mail, including restrictions on the receipt of magazines and other publications. Before the Court is the Plaintiffs' Motion for Temporary Restraining Order ("TRO")[Doc. #11], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

## I.   FACTS

This is a First Amendment case that centers on a relatively new mail policy at the Macomb County Jail that restricts the publications that inmates are allowed to receive, and also limits the form in which personal mail may be received. The amended complaint [Doc. #7] incorporates as Exhibit A the Macomb County Jail's policy, effective August 15, 2013, regarding inmate mail. The policy restricts incoming mail as follows:

-All personal mail received for inmates must be in the form of a metered postcard. No stamps allowed.

-Only white postcards no larger than 5" by 7" will be accepted.  Nothing shall be affixed to the postcard.  No photos.

-All other personal mail will be returned to sender.

-Magazines: Only the following magazines will be allowed in the facility (received directly from the publisher/non-retail distributor): People, Field & Stream, Newsweek, Outside, Time, Readers Digest, The Oprah Magazine, Men's Fitness, Shape, Martha Stewart Living, Parenting and Money Magazine.

-There are no changes to legal/privileged mail or outgoing mail.

Appended to the amended complaint as Exhibit B are excerpts from the Macomb County Jail Inmate Guide, which sets forth as follows the former policy on books and magazines:

"Soft covered books received directly from a non-retail distributor will be accepted.  Prepaid magazine or newspaper subscriptions mailed directly to the inmate will also be accepted.  Materials which may create a threat to jail order, or contain sexual, racial or ethnic profanity are prohibited.  All reading material is subject to the five (5) item maximum."

In a "supplemental" complaint [Doc. #13], Plaintiff Ronald W. Whitney alleges that a "Deputy Officer, Badge #333" denied him receipt of a letter from an individual in the outside world, on the erroneous basis that it was "received from an inmate to an inmate." *Supplemental Complaint*, Exhibit A.

Appended to the present motion are six Notifications of Denied Mail regarding Plaintiff Whitney, one regarding Plaintiff Willis, and seven regarding Plaintiff Johnson. As to Mr. Whitney, one piece of mail was denied as being received from another inmate; four other pieces were denied as "not in form of approved postcard" (one of these also contained a stamp); and a Maxim Magazine was rejected as an "unauthorized magazine."

On September 10, 2014, I filed a Report recommending that the Defendants' motion to dismiss be denied as to the claim that the policy restricting the receipt of magazines to only 12 titles violates the First Amendment. I also recommended that the motion to dismiss be granted as to Mr. Whitney's claim that a letter had been improperly and erroneously rejected as having come from another inmate.

## II.   STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, including a TRO, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be

served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Plaintiffs bear the burden of demonstrating their entitlement to injunctive relief, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III. DISCUSSION

#### A. Likelihood of Success

First, in terms of their request for injunctive relief, Plaintiffs Willis and Johnson cannot succeed on the merits, because they are no longer inmates of the Macomb County Jail. Mr. Willis is housed at a Michigan Department of Corrections facility, and Mr. Johnson resides in free society in Columbus, Ohio. This makes their claim for injunctive relief moot. *See Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).

Mr. Whitney, who is still a Macomb County Jail inmate, raises two general issues in this motion. First, while his amended complaint challenges the rejection of only a single piece of mail, he now complains that at least six letters were rejected, including inmate-to-inmate mail and mail that was sent in an envelope, contrary to current jail policy. Secondly, he challenges the policy restricting the receipt of magazines, and states that while he was able to receive Maxim Magazine under the former policy, he is no longer able to do so.

To the extent that Mr. Whitney is challenging the policies prohibiting inmate-to-inmate mail and the requirement that correspondence be sent on metered postcards rather than stamped envelopes, he is unlikely to succeed because neither he nor the other Plaintiffs raised this in amended complaint, and thus these issues are not properly before the Court. Furthermore, in their response [Doc. #18], the Defendants have proffered justifications for these policies that on their face appear to be reasonably related to Jail security, such as preventing contraband from being sent to inmates. Even assuming that this issue were properly before the Court, Mr. Whitney has not shown the requisite "strong likelihood" of success on the merits.

As to the restrictions on the receipt of magazines, I found in my previous Report and Recommendation [Doc. #43] that dismissal under Fed.R.Civ.P. 12(b)(6) was not appropriate because (1) Plaintiffs had stated a plausible First Amendment claim within the standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868

(2009), and (2) it was necessary to develop a factual record to determine whether the challenged regulation was "reasonably related to legitimate penological interests," as required under *Turner v. Safely,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Following discovery, the Plaintiffs might win on this issue. Or they might not. But absent a fully developed factual record, it is not possible to say that they have a "strong likelihood of success on the merits." Again, the evidentiary threshold for obtaining preliminary injunctive relief is much higher than that required to survive summary judgment, and certainly higher than the *Iqbal* standard of merely showing a "plausible" claim. While Plaintiffs have raised a *possibly* meritorious claim, they have not at this point shown a strong likelihood that they will ultimately prevail.

### B. Irreparable Harm

In *Michigan Catholic Conference and Catholic Family Services v. Burwell*, 755 F.3d 372, 398 (6th Cir. 2014), the Sixth Circuit reaffirmed the principle that in a First Amendment case, the question of irreparable harm is directly related to the probability of success on the merits:

> "When the alleged injury is to a First Amendment freedom, as here, the strong likelihood of success on the merits factor merges with the irreparable injury factor. 'To the extent that [appellant] can establish a likelihood of success on the merits of its First Amendment claim, it also has established the possibility of irreparable harm as a result of the deprivation of the claimed free speech rights.' *Connection Distrib. Co. v. Reno,* 154 F.3d 281, 288 (6th Cir.1998). Conversely, if appellant 'does not have a likelihood of success on the merits ... his argument that he is irreparably harmed by the deprivation of his First Amendment right also fails.' *McNeilly [v. Land],* 684 F.3d [611] at 615 [(6th Cir. 2012)]. Because the appellants do not

demonstrate a strong likelihood of success on the merits of their claims, they also do not demonstrate that they will suffer irreparable injury without the injunction."

Likewise here, the Plaintiffs have not shown a sufficiently strong likelihood of success on the merits, and has thus have not shown irreparable harm.[1]

### C. Substantial Harm to Others and Public Interest

These two factors may be considered together. The Macomb County Jail has an interest in promulgating and enforcing regulations, including reasonable rules involving correspondence among inmates and jail security. Departments of Corrections and jails are accorded considerable latitude in the administration of their institutions. In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators." Concomitantly, the public has an interest in well run jails that both provide for security and respect the rights of inmates. At this stage of the

---

[1] It is regrettable that Mr. Whitney is no longer receiving Maxim Magazine. In terms of irreparable harm, however, he may be able to receive back issues if he ultimately prevails in his challenge to the Jail's regulation. As to the restrictions on incoming correspondence, the regulation merely restricts the form of the mail–postcards as opposed to stamped envelopes–and does not otherwise limit receipt of non-inmate letters from the outside.

proceedings, absent the development of a factual record on which to determine whether the mail regulations are reasonably related to a legitimate penological interest, or whether they cross a constitutional line, it would be improvident for this Court to micro-manage or second-guess the decisions of the Jail administration by granting a TRO.

## IV.   CONCLUSION

For these reasons, I recommend that the Plaintiffs' Motion for Temporary Restraining Order [Doc. #11] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: September 11, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 11, 2014, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Honorable R. Steven Whalen