UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTAY JOHNSON, et al.,

       Plaintiffs,                          Case No. 13-cv-13672
                                            Hon. Matthew F. Leitman

v.

ANTHONY WICKERSHAM, et al.,

       Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATIONS (ECF ## 43, 45), GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF #17), AND DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER (ECF #11)**

Plaintiffs Deontay Johnson ("Johnson"), Ronald Whitney ("Whitney"), and Dorian Willis ("Willis") (collectively, "Plaintiffs") have filed a prisoner civil rights Complaint related to their incarceration at the Macomb County Jail. Plaintiffs allege that two employees of the jail, Defendants Anthony Wickersam and Michelle Sanborn (collectively "Defendants"), violated their First and Fourteenth Amendment rights. (*See* Compl., ECF #1.) Plaintiffs have also moved for a Temporary Restraining Order. (*See* ECF #11.)

Plaintiffs allege that in August 2013, the Macomb County Jail instituted a new policy with respect to inmate mail. (*See* Compl. at ¶1) According to

Plaintiffs, before establishment of this new policy, inmates at the Macomb County Jail could receive any magazine that did not "create a threat to jail order" or that did not "contain sexual, racial, or ethnic profanity…" (*Id.* at Exhibit B, Pg. ID 16.) Plaintiffs assert, however, that the new policy, among other things, allows inmates to receive only twelve specifically identified magazines, such as <u>Time</u> and <u>The Oprah Magazine</u>. (*Id.* at Exhibit A, Pg. ID 12.) Plaintiffs contend that the new policy prevents them from receiving the magazines of their choice, including "African-American magazines" such as <u>Ebony</u>. (*Id.* at ¶1, n.1.) In addition, Plaintiff Whitney filed a "supplemental" Complaint, alleging that a prison official identified only as "Deputy Officer, Badge #333" wrongly denied him receipt of a letter from a non-incarcerated individual. (*See* ECF #13 at ¶¶1-2.)

Defendants filed a Motion to Dismiss all of Plaintiffs' claims, including Whitney's "supplemental" Complaint. (*See* Motion, ECF #17.) On September 10, 2014, the Magistrate Judge issued a Report and Recommendation (the "September 10 R&R") recommending that the Court deny Defendants' motion with respect to Plaintiffs' initial Complaint. (*See* ECF #43.) The Magistrate Judge found that while Plaintiffs "may or may not ultimately prevail," they "have stated a factually plausible First Amendment claim." (*Id.* at 8, Pg. ID 226.) As to Whitney's "supplemental" Complaint, the Magistrate Judge recommended that the Court

dismiss that claim because "Whitney has not alleged the personal involvement of the named Defendants, Anthony Wickersham and Michelle Sanborn." (*Id.*)

On September 11, 2014, the Magistrate Judge issued a Report and Recommendation (the "September 11 R&R") recommending that the Court deny Plaintiffs' motion for a temporary restraining order. (*See* ECF #45.)   The Magistrate Judge first recommended that the Court deny Plaintiffs' motion with respect to Plaintiffs Johnson and Willis because neither is currently incarcerated at the Macomb County Jail, and their claims for a TRO are therefore moot. (*See id.* at 4, Pg. ID 234, citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).)   The Magistrate Judge then analyzed Whitney's claim separately because the Magistrate Judge believed Whitney still to be incarcerated at the Macomb County Jail. The Magistrate Judge recommended that the Court hold that Whitney had not established an entitlement to preliminary relief. (*See id.* at 4-8, Pg. ID 235-238.)[1]

No party has objected to either the September 10 R&R or the September 11 R&R.    Failure to file objections to a Report and Recommendation waives any

_____

[1] The Court notes that it now appears that Plaintiff Whitney is no longer incarcerated at the Macomb County Jail.  Previous orders the Court has sent to Whitney at the Macomb County Jail have been returned to the Court as undeliverable. (*See, e.g.,* ECF ## 40, 41; *see also* ECF #36 in which the Macomb County Jail returned a notice the Court had sent to Whtiney at that location with the notation "NOT HERE.")  In addition, the Macomb County Sherriff's Office website does not list "Ronald Whitney" as a current inmate at the Macomb County Jail.   Whitney has not, however, filed a change of address with the Court as required by Local Rule 11.2.

3

further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). The Court has nevertheless reviewed both the September 10 R&R and the September 11 R&R and agrees with the findings and conclusions of the Magistrate Judge included in both reports.

The Court further notes an additional reason for denying Plaintiffs' motion for a temporary restraining order. As explained in footnote one above, it appears that Plaintiff Whitney is no longer incarcerated at the Macomb County Jail. (*See* ECF ## 36, 40, and 41.) Therefore, Whitney's request for preliminary relief – like the request of his co-plaintiffs –  is now moot.[2]

Therefore, **IT IS HEREBY ORDERED** that the September 10 R&R (ECF #43) and the September 11 R&R (ECF #45) are **ADOPTED** as the Opinion of this Court. **IT IS FURTHER ORDERED**, for the reasons stated in the September 10 R&R, that Defendants' December 23, 2013, Motion to Dismiss (ECF #17) is **GRANTED** with respect to Plaintiff Whtiney's "supplemental" Complaint (ECF #13) and **DENIED** with respect to Plaintiffs' initial Complaint (ECF #1.) **IT IS**

---

[2] The relief Plaintiffs seek in their motion for a temporary restraining order is the kind of relief that may be found to be capable of repetition, yet avoiding review, and thus the Court will consider a properly-supported request for injunctive relief as this matter progresses.

4

**ADDITIONALLY ORDERED**, for the reasons stated in the September 11 R&R,

that Plaintiffs' Motion for Temporary Restraining Order (ECF #11) is **DENIED**.


                                           s/Matthew F. Leitman
                                           MATTHEW F. LEITMAN

Dated:  September 30, 2014        UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2014, by electronic means and/or ordinary mail.

                                           s/Holly A. Monda
                                           Case Manager
                                           (313) 234-5113