UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTAY JOHNSON, ET AL.,

          Plaintiffs,                    No. 13-13672

v.                                  District Judge Matthew F. Leitman
                                  Magistrate Judge R. Steven Whalen

ANTHONY WICKERSHAM, ET AL.,

          Defendants.

_____ /

**REPORT AND RECOMMENDATION**

      Plaintiff Ronald Whitney joined in a three-plaintiff civil rights complaint filed on August 27, 2013. Between May 28, 2014 and December, 2014, numerous orders that the Court has sent to Plaintiff Ronald Whitney at the address he provided to the Court have been returned as undeliverable. Mr. Whitney has not notified the Court of a change of address, as he is required to do. On October 20, 2014, I entered an order for Mr. Whitney to show cause why he should not be dismissed as a Plaintiff for failure to prosecute [Doc. #52]. I informed Mr. Whitney that "failure to respond to [the show cause] order will result in a recommendation that his complaint be dismissed." To date, he has not responded.

      Therefore, I recommend that Plaintiff Ronald Whitney be DISMISSED for failure to prosecute.

**I.    LEGAL PRINCIPLES**

      The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir. 2001).

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

L.R. 41.2, which permits dismissal for failure to prosecute on the court's own motion, states:

> "[W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich. 2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines."  *Id*.; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is

-2-

due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id.*

## II.   DISCUSSION

Mr. Whitney brought this case without a lawyer. He has an obligation to inform the Court of any change of address. His failure to do so is attributable to his own willfulness and fault. There is prejudice in that the opposing party simply cannot defend against Mr. Whitney's allegations in his absence. My show cause order, which was sent to Mr. Whitney at the only address the Court has, informed him that failure to respond could result in dismissal.

Finally, as to the fourth factor, this is not a case where, for example, an attorney's deficient performance can be sanctioned short of dismissing his or her client's case. *See Mulbah, supra.* It is apparent that Mr. Whitney has abandoned this litigation. Under these circumstances, the Court should exercise its discretion to dismiss this case, in order to prevent further delays and to avoid docket congestion. *Link v. Wabash R. Co., supra.*

## III.   CONCLUSION

For these reasons, I recommend that the Court *sua sponte* dismiss this complaint as to Plaintiff Whitney for failure to prosecute, pursuant to Fed.R.Civ.P.

41(b) and E.D. Mich. L.R. 41.2.[1]

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 12, 2015

---

[1] Counsel has filed an appearance on behalf of Plaintiff Dorian Willis [Doc. #63], and the case will continue as to him.

-4-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 12, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager