UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTAY JOHNSON, ET AL.,

    Plaintiffs,                                    No. 13-13672

v.                                                District Judge Matthew F. Leitman
                                                  Magistrate Judge R. Steven Whalen

ANTHONY WICKERSHAM, ET AL.,

    Defendants.
                                           /

## REPORT AND RECOMMENDATION

Plaintiff Deontay C. Johnson is one of three former inmates of the Macomb County Jail who filed a *pro se* civil complaint on August 27, 2013. Before the Court is Defendants' Motion to Dismiss Johnson under Fed.R.Civ.P. 37(d) [Doc. #56], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.[1]

### I.    FACTS

This is a First Amendment case that centers on a relatively new mail policy at the Macomb County Jail that restricts the publications that inmate are allowed to receive. On September 11, 2014, I issued a Report and Recommendation ("R&R") recommending denial of Defendants' motion to dismiss the First Amendment claims [Doc. #45]. The R&R was accepted, and the motion to dismiss denied, on September 30, 2014 [Doc. #47].

On June 9, 2014, Defendants filed a motion to compel Johnson's reappearance for

---

[1] My previous Report and Recommendation to dismiss co-Plaintiff Ronald Whitney for failure to prosecute [Doc. #64] was filed on January 12, 2015. The Court appointed *pro bono* counsel to represent co-Plaintiff Dorian Willis, and a scheduling order was entered on January 27, 2015 [Doc. #67].

a continuation of his deposition [Doc. #37]. The basis of the motion was Johnson's refusal to answer questions regarding his criminal history, and his unwarranted termination of the deposition. Johnson did not respond to the motion. On September 24, 2014, I granted the Defendants' motion, and ordered that Johnson be re-deposed within 45 days [Doc. #46]. In the order, I warned Johnson that his "failure to appear for his re-deposition may subject him to sanctions, including dismissal of his complaint." *Id*.

Exhibit 1 to Defendants' motion is a notice of continued deposition to be conducted on October 22, 2014. The Defendants served the notice on Johnson on October 2, 2014. Johnson failed to appear for the continued deposition.

I ordered Johnson to file a response to the motion to dismiss on or before January 13, 2015 [Doc. #61]. To date, he has not done so.

## II. STANDARD OF REVIEW

Rule 37 provides for sanctions for failure to make disclosures or cooperate in discovery. Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)( C), dismissal of the case where it is the Plaintiff who has been disobedient. A motion to dismiss under this Rule is addressed to the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th cir.1988). The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.,* 110 F.3d 364, 366–67 (6th Cir.1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or

considered before dismissal was ordered. *See also Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir.1990).

In deciding whether to impose "the draconian sanction of dismissal," the first factor-the party's willfulness or bad faith-looms large. *Intercept Security Corp. v.CodeAlarm, Inc.,* 169 F.R.D. 318, 321–22 (E.D.Mich.1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). In addition, a prior warning that failure to comply with a discovery order will result in dismissal is pivotal both to the determination of willfulness and to the ultimate decision to dismiss. *See Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988).

### III. DISCUSSION

#### A. Willfulness

Willfulness is defined as a "conscious and intentional failure to comply with the court order." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). The burden is on the disobedient party "to show that the failure was due to inability and not to willfulness, bad faith, or fault." *Intercept Security*, at 322; *Regional Refuse Systems, supra*, 842 F.2d at 154. In this case, it is difficult to characterize Mr. Johnson's failure to comply with this Court's discovery order as anything other than willful. I ordered him to appear for his re-deposition and to answer questions regarding his criminal history. He was served with a notice to appear, but he failed to do so. I ordered him to respond to this motion to dismiss, but he failed to do so. It appears that Mr. Johnson has no intention of following the orders of this Court or of cooperating in discovery.

#### B. Prejudice to Defendants

By improperly terminating his deposition and refusing to appear for the re-

deposition that I ordered, Mr. Johnson has blatantly stymied Defendants' ability to obtain discovery relevant to the defense of this lawsuit. *See Maldonado v. Thomas M. Cooley Law School, et.al.*, 65 Fed.Appx. 955 (6th Cir. 2003)(unpublished) ("Further, the existence of prejudice is clear. Maldonado has completely thwarted the defendants' legitimate attempts to conduct discovery"). The prejudice to the Defendants weighs against Mr. Johnson and in favor of dismissing the Complaint.

### C. Prior Warning

In my September 24, 2014 order [Doc. #46], I clearly warned Mr. Johnson that his failure to appear for the re-deposition could lead to dismissal of his complaint.

### D. Lesser Sanctions

Lesser sanctions have not been previously imposed. However, given Mr. Johnson's intransigence with regard to his deposition, and his decision to not even file a response to this motion, imposing lesser sanctions at this point would be an exercise in futility. *See Bank One of Cleveland, supra*, 916 F.2d at 1079 ("[T]he defendants' lack of response to the court's order to compel discovery..demonstrated the futility of any lesser sanctions"); *Regional Refuse, supra*, 842 F.2d at 154-55 ("[I]f a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion").

The *Harmon* factors weigh heavily in favor of dismissal. The Defendants' motion should be granted, and Plaintiff Johnson should be dismissed.

### IV. CONCLUSION

For these reasons, I recommend that Defendants' motion to dismiss [Doc. #56] be GRANTED and that the complaint be DISMISSED as to Plaintiff Deontay C. Johnson.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.

Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 27, 2015

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 27, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager